**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DREAMS USA, INC.,

Plaintiff,

v. 1:25-CV-01356 (AMN/MJK)

MINI NY INC., ET AL.,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**HINCKLEY ALLEN LLP** **CRAIG M. SCOTT, ESQ.**
100 Westminster Street- Suite 1500
Providence, Rhode Island 02903
*Attorneys for Plaintiff*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION & ORDER

## I. INTRODUCTION

On September 29, 2025, Dreams USA, Inc. ("Plaintiff") commenced this action against Mini NY Inc. ("Mini NY"); Christina Solimanto, d/b/a Purse Party ("Solimanto"); and Lake George Shop II Inc., d/b/a The Corner Shop ("Lake George Shop") (collectively "Defendants"). Dkt. No. 1. Presently before the Court is Plaintiff's motion for a default judgment pursuant Rule 55(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Dkt. No. 53 (the "Motion"). For the reasons set forth below, the Court grants Plaintiff's Motion in part.

## II. BACKGROUND

### A. The Parties

Plaintiff is a corporation organized under Rhode Island law with its principal place of business in Providence, Rhode Island. Dkt. No. 1 at ¶ 5. Plaintiff alleges that Defendant Mini NY

is a corporation organized under New York law with its principal place of business in Lake George, New York. *Id.* at ¶ 7. Plaintiff alleges that Defendant Solimanto is a citizen of New York, doing business as Purse Party, with a principal place of business in Lake George, New York. *Id.* at ¶ 8. Plaintiff alleges that Defendant Lake George Shop is a corporation organized under New York law, doing business as The Corner Shop, with its principal place of business in Lake George, New York. *Id.* at ¶ 10.

**B. Plaintiff's Factual Allegations**[1]

Plaintiff states that it "is the exclusive North and South American distributor of limited-edition art, toys, giftware, and lifestyle accessories created by affiliate Dreams Inc. (Japan). Its products are offered for sale and sold online at sonnyangelusa.com and at select, authorized retailers throughout the Americas." Dkt. No. 1 at ¶ 22. Amongst the products Plaintiff offers for sale are several lines of "collectible dolls" associated with the "SONNY ANGEL," and "HIPPERS" trademarks. *Id.* at ¶¶ 21, 31.

The "design, configuration, and original expression of the SONNY ANGEL® doll are copyrighted subject matter under the U.S. Copyright Act, 17 U.S.C. § 101." Dkt. No. 1. at ¶ 22. Plaintiff "is the exclusive licensee and copyright claimant with respect to said copyright in North America, Central America, and South America." *Id.* at ¶ 22-24. Plaintiff also holds the trademark for the word mark HIPPERS. *Id.* at ¶ 32.[2] Based on the foregoing, Plaintiff avows that it "holds the exclusive right to develop, manufacture, market, and sell products bearing, embodying, or

[1] Although Plaintiff's Complaint discusses the SMISKI trademark and copyright, Plaintiff's Complaint does not raise any claims regarding the SMISKI trademark and copyright against Defendants. *See generally* Dkt. No. 1. Accordingly, the Court will limit its discussion of the facts to only those involving the SONNY ANGEL and HIPPERS trademarks and copyrights.

[2] Plaintiff submits copies of the Certificates of Registration for the trademarks and copyrights associated with SONNY ANGEL and HIPPERS word marks and SONNY ANGEL doll design. Dkt. No. 1. at Ex. 1-2, 5.

incorporating SONNY ANGEL IP the Americas" and "has invested substantial time, money, and effort to develop and maintain the considerable consumer goodwill it enjoys in its Sonny Angel IP . . . and the HIPPERS ® Mark." *Id*. at ¶¶ 25, 33.

Plaintiff asserts that "Defendants are offering for sale, selling, and/or distributing counterfeit dolls in connection with" Plaintiff's intellectual property ("IP") and the "[c]ounterfeit products infringe upon [Plaintiff's] IP." Dkt. No 1. at ¶ 34. In support of this claim, Plaintiff includes in the Complaint photographs of allegedly counterfeit SONNY ANGEL and HIPPERS dolls purchased from Defendants on August 14, 2025. *Id*. at ¶¶ 40-41, 43.

C. **Plaintiff's Legal Claims**

Plaintiff asserts claims pursuant to the Copyright Act of 1976 for copyright infringement and the Lanham Act for trademark infringement.[3] Dkt. No. 1 at ¶¶ 47-101 (citing 15 U.S.C. §§ 1114, 1125(a); 17 U.S.C. § 101). Plaintiff also asserts claims for common law unfair competition,

[3] Plaintiff also seeks to bring claims pursuant to the Lanham Act for unfair competition and false designation of origin. Dkt. No. 1 at 22-24. However, "under Section 43 of the [Lanham] Act, there is no specific Federal cause of action for unfair competition. Instead[,] unfair competition under the Lanham Act is a category of claims consisting primarily of causes of action for false designation of origin and false advertising." *OSF Int'l, Inc. v. Spellicy*, No. 6:23-CV-00013 (MAD/TWD), 2023 WL 6599087, at *3 (N.D.N.Y. Oct. 10, 2023) (quoting *Sussman-Automatic Corp. v. Spa World Corp.*, 15 F. Supp. 3d 258, 272 (E.D.N.Y. 2014)). Further, "Courts in this Circuit . . . deny unfair competition and false designation claims that are duplicative of [Lanham Act trademark] infringement claims." *Everyday People NYC LLC, v. Roble Ali*, No. 23-CV-2436 (NGG) (PCG), 2026 WL 2837938, at *17 (E.D.N.Y. Sept. 22, 2026) (citing *e.g. Juul Labs, Inc. v. EZ Deli Grocery Corp I*, No. 21 Civ. 2615 (MKB) (VMS), 2022 WL 1085406, at *6 (E.D.N.Y. Feb. 10, 2022), *report and recommendation adopted,* No. 21 Civ. 2615 (MKB) (VMS), 2022 WL 819152 (E.D.N.Y. Mar. 18, 2022)). "Claims are duplicative of one another if they arise from the same facts . . . and do not allege distinct damages." *Id*. (quoting *NYQF Inc. v. Sigue Corp.*, 781 F. Supp. 3d 104, 120 (E.D.N.Y. 2025) (quoting *NetJets Aviation, Inc. v. LHC Commc'ns, LLC*, 537 F.3d 168, 175 (2d Cir. 2008))). Here, Plaintiff's unfair competition and false designation of origin claims are based upon the same underlying facts as Plaintiff's trademark infringement claim and Plaintiff does not allege any distinct damages. Dkt. No. 1 at 22-24. Accordingly, the Court dismisses Plaintiff's unfair competition and false designation of origin claims as duplicative of Plaintiff's trademark infringement claim. *See OSF Int'l, Inc.*, 2023 WL 6599087, at *3; *Everyday People NYC LLC,* 2026 WL 2837938, at *17.

as well as for deceptive acts and unlawful practices under New York law. *Id*. at ¶¶ 102-16 (citing N.Y. Gen. Bus. Law § 349(a)).

Plaintiff seeks statutory damages for copyright and trademark infringement in the sum of $10,000 per infringed copyright per defendant and $20,000 per infringed trademark per defendant. Dkt. No. 53-1 at 10-15 (first citing 15 U.S.C. § 1117(c)(1); then citing 17 U.S.C. § 504(c)).[4] More specifically, Plaintiff seeks $10,000 each against Mini NY, Lake George Shop, and Solimanto for infringing upon the SONNY ANGEL copyright. *Id.* at 14. Plaintiff also seeks (1) $20,000 against Mini NY for infringing upon the HIPPERS mark, (2) $40,000 against Lake George Shop for infringing upon the SONNY ANGEL and HIPPERS marks, and (3) $20,000 against Solimanto for infringing upon the SONNY ANGEL mark. *Id*. at 12-13. Additionally, Plaintiff seeks a permanent injunction enjoining Defendants from infringing upon Plaintiff's IP. *Id.* at 26.

**D. Procedural History**

On September 29, 2025, Plaintiff commenced this action by filing a complaint ("Complaint") in this Court. Dkt. No. 1. On October 13, 2025, Plaintiff served Defendants Mini NY and Solimanto. Dkt. Nos. 14-15. On October 17, 2025, Plaintiff served Defendant Lake George Shop. Dkt. No. 16. To date, Defendants Mini NY and Lake George Shop have not appeared in this action or otherwise responded to the Complaint. *See generally* Docket Sheet. To date, Defendant Solimanto has not responded to the Complaint. *See id*.

On November 13, 2025, November 14, 2025, and February 18, 2026, Plaintiff filed requests for the entry of default pursuant to Fed. R. Civ. P. 55(a) against Mini NY, Lake George Shop, and Solimanto, respectively. Dkt. Nos. 27, 30, 45. The Clerk of the Court (the "Clerk")

[4] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

granted each of Plaintiff's requests for entry of default. Dkt. No. 28, 31, 46. On March 24, 2026, Plaintiff filed this Motion requesting entry of a default judgment pursuant to Fed. R. Civ. P. 55(b). Dkt. No. 53.

## III. STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citing *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). The first step is governed by Rule 55(a), which provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." *Id.* (quoting Fed. R. Civ. P. 55(a)); *see also* N.D.N.Y. L.R. 55.1 (setting forth affidavit requirements). Entry of a default "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Mickalis*, 645 F.3d at 128. The second step "requires the plaintiff to seek a judgment by default under Rule 55(b)." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 505 (2d Cir. 2011). Entry of a default judgment "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled[.]" *Mickalis*, 645 F.3d at 128. A default judgment "ordinarily must be entered by the district judge, rather than by the clerk of court, except in certain circumstances[.]" *Id.*; *see also* N.D.N.Y. L.R. 55.2 (setting forth requirements for requesting a default judgment).

"Before entering a default judgment, the court 'must ensure that (1) jurisdictional requirements are satisfied, (2) the plaintiff took all the required procedural steps in moving for [a] default judgment, and (3) the plaintiff's allegations, when accepted as true, establish liability as a

matter of law.'" *Windward Bora, LLC v. Brown*, No. 21-cv-03147 (KAM) (RER), 2022 WL 875100, at *2 (E.D.N.Y. Mar. 24, 2022) (alteration in original) (quoting *Jian Hua Li v. Chang Lung Grp. Inc.*, No. 16-cv-6722 (PK), 2020 WL 1694356, at *4 (E.D.N.Y. Apr. 7, 2020)). Additionally, "[t]here must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 233 (2d Cir. 2012) (citations omitted). When evaluating a request for a default judgment, a "district court is empowered under Rule 55(b)(2), in the exercise of its discretion, to 'conduct hearings or make referrals' as may be necessary, *inter alia*, to determine the amount of damages or establish the truth of the plaintiff's allegations." *Mickalis*, 645 F.3d at 129 (quoting Fed. R. Civ. P. 55(b)(2)(B)-(C)).

While a court may enter a default judgment if the requisite standard is satisfied, the Second Circuit has cautioned that default judgments "are generally disfavored and are reserved for rare occasions[.]" *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). "Because we have 'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . we have characterized a district court's discretion in proceeding under Rule 55 as 'circumscribed.'" *Mickalis*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron*, 10 F.3d at 95; and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)).

## IV. DISCUSSION

### A. Jurisdiction and Procedural Requirements

The Court first addresses its jurisdiction over this matter. While a "plaintiff has the burden

to establish jurisdiction, a federal court has an independent obligation to determine whether subject-matter jurisdiction exists 'even in the absence of a challenge from any party.'" *Wilmington Sav. Fund Soc'y, FSB as trustee of Aspen Holdings Tr. v. Fernandez*, 712 F. Supp. 3d 324, 330 (E.D.N.Y. 2024) (quoting *Chapman v. U.S. Dep't of Just.*, 558 F. Supp. 3d 45, 48 (E.D.N.Y. 2021) (quoting *Arbaugh v. Y & H Corp*., 546 U.S. 500, 514 (2006))).

The Court has subject matter jurisdiction over Plaintiff's (1) copyright infringement claims pursuant to the Copyright Act of 1976; and (2) trademark infringement claims pursuant to the Lanham Act. *See* 28 U.S.C. § 1331; *see also* 28 U.S.C. § 1338(a) ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks."). Supplemental jurisdiction exists over Plaintiff's common law unfair competition and New York State law claims. *See* 28 U.S.C. § 1367. The Court has personal jurisdiction over Defendants, all of which are alleged to be New York citizens or New York domestic business corporations that do business within the Northern District of New York and all of which were served with the Complaint. Dkt. No. 1 at ¶¶ 7-8, 10; Dkt. Nos. 14-16. Accordingly, the Court finds that the jurisdictional requirements are satisfied.[5] *See Windward Bora*, 2022 WL 875100, at *2.

Next, the Court must assess whether Plaintiff has taken "all the required procedural steps in moving for a default judgment." *Windward Bora*, 2022 WL 875100, at *2 (brackets omitted). Here, the Court finds that Plaintiff has satisfied the relevant procedural requirements for seeking a default judgment. Plaintiff properly served Defendants. Dkt. Nos. 14-16. Plaintiff properly requested the Clerk's entry of default against each individual Defendant under Fed. R. Civ. P. Rule

---

[5] Venue is also proper in this District, as it is where a substantial part of relevant events allegedly occurred. 28 U.S.C. § 1391; Dkt. No. 1 at ¶¶ 34, 40-41, 43.

55(a), and pursuant to Local Rule 55.1; affirming that Defendants were properly served, have defaulted in this action, and are not infants, in the military, or incompetent persons. Dkt. Nos. 27, 30, 45. On November 13, 2025, November 17, 2025, and February 18, 2026, the Clerk entered defaults against Mini NY, Lake George Shop, and Solimanto, respectively. Dkt. Nos. 28, 31, 46.

On March 24, 2026, Plaintiff moved for a default judgment against Defendants under Fed. R. Civ. P. Rule 55(b)(2) and Local Rule 55.2(b). Dkt. No. 53. Accordingly, as Plaintiff has satisfied the procedural requirements for entry of a default judgment against each individual Defendant, the Court will next address liability.

**B. Liability**

**1. Copyright Infringement**

Plaintiff alleges that Defendants' sale of counterfeit dolls infringed upon its registered federal copyright for the SONNY ANGEL doll in violation of the Copyright Act of 1976. Dkt. No. 1 at 17-18.[6]

**a. Legal Standard**

"The Copyright Act of 1976 grants copyright owners the exclusive right to reproduce their copyrighted work, to prepare derivatives of the work, and to sell copies of the work." *Sadowski v. Urbanspotlite LLC*, No. 1:22-CV-00887 (BKS/DJS), 2023 WL 2838376, at *2 (N.D.N.Y. Apr. 7, 2023) (quoting *Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 98 (S.D.N.Y. 2020)) (additional

[6] The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A copyright infringement claim does not accrue until the copyright holder "discovers, or with due diligence should have discovered, the infringement." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (citation omitted), *cert. denied*, 145 S. Ct. 2792 (2025). Here, Plaintiff alleges that it first observed the infringements of the SONNY ANGEL doll copyright on August 14, 2025, Dkt. No. 1 at ¶ 43, from which point the statute of limitations began to run. Plaintiff subsequently filed suit on September 29, 2025. *Id.* Accordingly, Plaintiff's claims for copyright infringement are timely.

citations omitted). "To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Id*. (quoting *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991))).

**b. Analysis**

"[T]here is a statutory presumption that registered copyrights are valid." *Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 50 (quoting *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001)). Here, Plaintiff has provided a copy of the Certificate of Registration for the SONNY ANGEL doll copyright. Dkt. No. 1 at Ex. 2. Therefore, Plaintiff has satisfied the first element by establishing that it is the holder of a valid copyright. *See Sadowski*, 2023 WL 2838376, at *2.

"[T]o establish the copying element, 'the plaintiff must first show that his work was actually copied; second, he must establish substantial similarity or that the copying amounts to an improper or unlawful appropriation.'" *Sadowski*, 2023 WL 2838376, at *3 (quoting *Yague v. Visionaire Publ'g LLC*, No. 19-cv-11717 (LJL), 2021 WL 4894676, at *1, (S.D.N.Y. Sept. 14, 2021) (quoting *Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003))). "Actual copying may be shown by indirect evidence; '[i]f the two works are so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access.'" *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 50 (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995)). "Substantial similarity, in turn, hinges on 'whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'" *Id*. (quoting *Hamil America, Inc. v. GFI*, 193 F.3d 92, 100 (2d Cir. 1999)).

Given this Court's obligation to accept Plaintiff's allegations as true at the default stage,

the Court finds that Plaintiff has demonstrated actual unauthorized copying of the SONNY ANGEL doll by Defendant Solimanto. *See Martinka v. Rentownsell LLC*, No. 24-CV-05289 (JHR) (HJR), 2026 WL 1309178, at *4 (S.D.N.Y. Apr. 6, 2026), *report and recommendation adopted,* No. 24 CIV. 5289 (JHR) (HJR), 2026 WL 1300618 (S.D.N.Y. May 12, 2026) (finding copyright violation based on allegations that defendant displayed one of plaintiff's copyrighted photographs on its website without plaintiff's authorization). Plaintiff supports its allegations in the Complaint with a reference to the SONNY ANGEL dolls sold on Plaintiff's website and a picture of a counterfeit SONNY ANGEL doll purchased from Defendant Solimanto's place of business. Dkt. No. 1 at ¶¶ 20, 43. Plaintiff's allegations demonstrate that Defendant Solimanto's "products are so strikingly similar as to prove that [Defendant Solimanto] had access to [Plaintiff's] [] products and created works that are substantially similar to Plaintiff's [SONNY ANGEL work] and that the average lay observer would recognize [Defendant Solimanto's] alleged copies as being appropriated from Plaintiffs' work." *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 51. Accordingly, the Court finds that default judgment is warranted on Plaintiff's federal copyright claim as to Defendant Solimanto's copying of the SONNY ANGEL doll.

However, the Court finds that default judgment is not warranted on Plaintiff's federal copyright claims as to Defendants Mini NY and Lake George Shop. Plaintiff asserts in conclusory fashion that Defendants Mini NY and Lake George Shop "manufactured, distributed, sold, and/or offered for sale unauthorized merchandise incorporating the Sonny Angel Toy Copyright in direct violation of [Plaintiff's] copyright." Dkt. No. 1 at ¶ 60.[7] Plaintiff fails to make any factual

[7] The Court notes that Plaintiff's Complaint includes a picture of a counterfeit doll purchased from Defendant Lake George Shop's place of business. Dkt. No. 1 at ¶ 41. Although the packaging of the counterfeit doll uses the words "SONNY ANGEL," the doll itself is a counterfeit HIPPERS doll. *Id*. Accordingly, the Court concludes that Plaintiff has not demonstrated that Defendant Lake George Shop has infringed upon the SONNY ANGEL copyright. *See Kelly Toys Holdings,*

allegations in support of this conclusion and the Court thus denies its motion for a default judgment on these claims.

**2. Trademark Infringement**

As stated above, Plaintiff alleges that Defendants' offering of counterfeit goods for sale violates the Lanham Act. Dkt. No. 1 at 15-17, 21-22.[8]

a. **Legal Standard**

"The Lanham Act imposes liability on any person who in connection with the sale, offering for sale, or distribution of a good either uses a counterfeit of a registered mark or counterfeits such mark in advertising or packaging materials when such use or counterfeiting is likely to cause confusion." *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 49 (citing 15 U.S.C. § 1114(1)(a)-(b)). "To establish liability for trademark infringement, a plaintiff thus must show that (1) its marks are valid and entitled to protection, and (2) defendants' use of the plaintiff's marks is likely to cause confusion as to the origin or sponsorship of the defendants' goods." *Id.* (citing *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93, 102 (2d Cir. 2010)). "A counterfeit mark is a 'spurious mark which is identical with, or substantially indistinguishable from, a registered mark.'" *Id.* at 49-50 (quoting

---

*LLC*, 606 F. Supp. 3d at 50; *see also* Dkt. No. 1-2 at 2. As will be discussed below, the Court reaches a different conclusion as to Plaintiff's claim against Defendant Lake George Shop alleging infringement on the SONNY ANGEL mark. *See infra* at 12-13.

[8] "Because the Lanham Act does not have its own statute of limitations, the Court 'must look to the analogous State law to determine the limitations period which does best to further the policies behind the Act.'" *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 279 (S.D.N.Y. 2016) (quoting *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 257 (S.D.N.Y. 2003)). Here, regardless of which state law statute of limitations is applied, Plaintiff's trademark infringement claims are timely because Defendants allegedly infringed upon Plaintiff's trademarks in August 2025, Dkt. No. 1 at ¶¶ 40-41, 43, and Plaintiff commenced this suit in September 2025. *See, e.g., Enigma Software Grp. USA, LLC*, 194 F. Supp. 3d at 280.

15 U.S.C. § 1127).

**b. Analysis**

As to the first prong of the analysis, "[a] certificate of registration with the [United States Patent and Trademark Office ("USPTO")] is prima facie evidence that the mark is registered and valid (*i.e.*, protectible), that the registrant owns the mark, and that the registrant has the exclusive right to use the mark in commerce." *Lion-Aire Corp. v. Lion Air Installation, Inc.*, 747 F. Supp. 3d 488, 506 (E.D.N.Y. 2024) (quoting *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 345 (2d Cir. 1999) (citing 15 U.S.C. § 1115(a))); *Heartland Trademarks, Ltd. v. Dr Flax LLC*, No. 5:17-CV-0795 (MAD/ATB), 2018 WL 1989540, at *3 (N.D.N.Y. Apr. 24, 2018) (same). Here, Plaintiff's marks "are valid" because Plaintiff holds registered trademarks with the USPTO for the SONNY ANGEL and HIPPERS marks. *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 49; *Lion-Aire Corp.*, 747 F. Supp. 3d at 506; *see also* Dkt. No. 1 at Ex. 1, 5. Plaintiff's marks are then "entitled to protection" because Plaintiff alleges that Defendants violated 15 U.S.C. § 1114 when (1) Defendants Lake George Shop and Solimanto sold counterfeit dolls bearing the SONNY ANGEL trademark and (2) Defendants Mini NY and Lake George Shop sold counterfeit dolls bearing the HIPPERS trademark. *See id.*; *see also* Dkt. No. 1at 15-17, 21-22, ¶¶ 40, 41, 43. Therefore, the Court concludes that Plaintiff has adequately pled that its trademarks are valid and entitled to protection and thus Plaintiff satisfies the first prong.

With regard to the second prong, the analysis "turns on whether ordinary consumers 'are likely to be misled or confused as to the source of the product in question because of the entrance in the marketplace of [the junior user's] mark.'" *Heartland Trademarks, Ltd.*, 2018 WL 1989540, at *3 (quoting *Guthrie Healthcare Sys. v. ContextMedia, Inc.*, 826 F.3d 27, 37 (2d Cir. 2016) (quoting *Playtex Prods., Inc. v. Ga.-Pac. Corp.*, 390 F.3d 158, 161 (2d Cir. 2004))). Plaintiff's

Complaint alleges that Defendants sold counterfeit dolls utilizing the SONNY ANGEL and HIPPERS marks. Dkt. No. 1 at 15-17, 21-22, ¶¶ 40, 41, 43, 45. In support of these allegations, Plaintiff refers the Dreams USA website where individuals can purchase SONNY ANGEL and HIPPERS dolls and includes photographs in the Complaint of purported counterfeit dolls purchased from Defendants' places of business. *Id.* at ¶¶ 20, 40, 41, 43. More specifically, accepting Plaintiff's allegations as true, Plaintiff includes in the Complaint photographs of counterfeit dolls bearing the (1) HIPPERS mark purchased from Defendant Mini NY, *id.* at ¶ 40; (2) SONNY ANGEL and HIPPERS marks purchased from Defendant Lake George Shop, *id.* at ¶ 41; and (3) SONNY ANGEL mark purchased from Defendant Solimanto, *id.* at ¶ 43. As counterfeit products "by their very nature, cause confusion," the Court concludes that Plaintiff's allegations satisfy the second prong. *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 50 ("[T]he standard for consumer confusion is easily satisfied in the case of counterfeits because counterfeits, by their very nature, cause confusion.") (quoting *Off-White LLC v. 5HK5584*, No. 19-CV-672 (RA) (JLF), 2020 WL 1646692 at *5 (S.D.N.Y. Apr. 3, 2020) (quoting *Coach, Inc. v. Horizon Trading USA Inc.*, 908 F. Supp. 2d 426, 433 (S.D.N.Y. 2012))). Accordingly, the Court finds that default judgment is warranted on Plaintiff's trademark infringement claim as to Defendant Mini NY's unauthorized use of the HIPPERS mark; Defendant Lake George Shop's unauthorized use of the SONNY ANGEL and HIPPERS marks; and Defendant Solimanto's unauthorized use of the SONNY ANGEL mark.

**3. New York Common Law Unfair Competition**

"The legal standards for unfair competition under New York law are [] virtually identical to the standards for trademark infringement and unfair competition under the Lanham Act, except

that the New York common law claims require [] an additional showing of bad faith."[9] *Pinkfong Co., Inc. v. Alibaba.com Singapore E-Com. Pte. Ltd.*, No. 23 CIV. 10967 (DEH), 2025 WL 934905, at *3 (S.D.N.Y. Mar. 27, 2025) (quoting *Lopez v. Bonanza.com, Inc.*, No. 17 CIV. 8493 (LAP), 2019 WL 5199431, at *17 (S.D.N.Y. Sept. 30, 2019) (quoting *Lopez v. BigCommerce, Inc.*, No. 16-CV-8970 (JPO), 2017 WL 3278932, at *4 (S.D.N.Y. Aug. 1, 2017))); *Excelsior Coll. v. Wolff*, No. 1:17-CV-0011 (GTS/DJS), 2018 WL 3964703, at *10 (N.D.N.Y. Aug. 16, 2018).

"In analyzing whether a defendant has acted in bad faith, the question is whether the defendant attempted 'to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products.'" *Cambridge Pavers, Inc. v. Armorproof Paving & Masonry Li, Inc.*, No. 24-CV-7784 (MKB) (SIL), 2026 WL 482658, at *15 (E.D.N.Y. Feb. 20, 2026) (quoting *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 88 (2d Cir. 2020) (quoting *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 388 (2d Cir. 2005))); *see also Innovation Ventures, LLC v. Ultimate One Distrib. Corp.*, No. 12-CV-5354 (KAM) (RLM), 2016 WL 1317524, at *8 (E.D.N.Y. Mar. 31, 2016) ("The 'essence' of a claim for unfair competition under New York law is the 'bad faith misappropriation of the labors and expenditures of another' in a manner 'likely to cause confusion or to deceive purchasers as to the origin of the goods.'") (quoting *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34-45 (2d Cir. 1995)).

As counterfeit products "by their very nature, cause confusion," the Court concludes that Plaintiff has established that Defendants acted in bad faith. *Kelly Toys Holdings, LLC*, 606 F.

[9] As the Court has concluded that Plaintiff's Lanham Act claim is timely, Plaintiff's New York State common law unfair competition claim is also timely. *See LPD New York, LLC v. Adidas Am., Inc.*, No. 15-CV-6360 (MKB), 2022 WL 4450999, at *23 (E.D.N.Y. Sept. 24, 2022); *Enigma Software Grp. USA, LLC*, 194 F. Supp. 3d at 280.

Supp. 3d at 50. Therefore, because Plaintiff has sufficiently pled claims for trademark infringement under the Lanham Act and Plaintiff has demonstrated that Defendants acted in bad faith, the Court finds that default judgment is warranted on Plaintiff's New York State common law unfair competition claim as to Defendant Mini NY's unauthorized use of the HIPPERS mark; Defendant Lake George Shop's unauthorized use of the SONNY ANGEL and HIPPERS marks; and Defendant Solimanto's unauthorized use of the SONNY ANGEL mark. *See Pinkfong Co., Inc.*, 2025 WL 934905, at *3.

**4. New York General Business Law §349**

Plaintiff alleges that Defendants' "unlawful and unauthorized use of [Plaintiff's] IP" is "a willful and deliberate attempt to mislead consumers and constitutes the use of deceptive acts or practices in the conduct of business, trade, or commerce . . . in violation of N.Y. Gen. [Bus.] Law 349." Dkt. No. 1 at 25-26. The Court concludes that Plaintiff is not entitled to default judgment on its N.Y. Gen. Bus. L. § 349 claim.

"[N.Y. Gen. Bus. L. § 349] prohibits '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *OSF Int'l, Inc.*, 2023 WL 6599087, at *7 (quoting N.Y. Gen. Bus. L. § 349). However,

> [C]ourts in New York have routinely dismissed trademark claims brought under Section[] 349 . . . as being outside the scope of the statutes, because ordinary trademark disputes do not pose a significant risk of harm to the public health or interest and therefore are not the type of deceptive conduct that the statutes were designed to address.

*Id*. at *8 (quoting *Kaplan, Inc. v. Yun*, 16 F. Supp. 3d 341, 352 (S.D.N.Y. 2014)) (internal quotation marks omitted); *Empower Fed. Credit Union v. Empower Annuity Ins. Co. of Am.*, No. 5:23-CV-941 (BKS/MJK), 2024 WL 3639440, at *9 (N.D.N.Y. Aug. 2, 2024). "Indeed, in the Second Circuit the prevailing view is that trademark infringement claims are not cognizable under N.Y.

Gen. Bus. L. §[] 349 . . . unless there is specific and substantial injury to the public interest over and above the ordinary trademark infringement." *Id.* (quoting *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 887 F. Supp. 2d 519, 543 (S.D.N.Y. 2012) (internal quotation marks omitted)).

Similarly, "Section 301(a) of the Copyright Act provides that 'all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by [the Copyright Act].'" *Kassel v. Moynihan*, No. 1:23-CV-06958 (JLR), 2024 WL 2832813, at *8 (S.D.N.Y. June 3, 2024) (quoting 17 U.S.C. § 301(a); *see also Briarpatch Ltd., L.P. v. Phx. Pictures, Inc.*, 373 F.3d 296, 305 (2d Cir. 2004) ("The Copyright Act exclusively governs a claim when: (1) the particular work to which the claim is being applied falls within the type of works protected by the Copyright Act . . . and (2) the claim seeks to vindicate legal or equitable rights that are equivalent to one of the bundle of exclusive rights already protected by copyright law.").

Here, Plaintiff has not alleged any facts regarding Defendants' unauthorized use of Plaintiff's registered trademarks "over and above the ordinary trademark infringement." *OSF Int'l, Inc.*, 2023 WL 6599087, at *7 (quoting *Perfect Pearl Co., Inc.*, 887 F. Supp. 2d at 543); *see also generally* Dkt. No. 1. Further, to the extent that Plaintiff's Section 349 claim is based on copyright infringement, it is preempted by the Copyright Act. *See* 17 U.S.C. § 301(a). Accordingly, Plaintiff fails to state a claim pursuant to N.Y. Gen. Bus. L. § 349.

**C. Damages**

Next, the Court must assess whether the relief requested by Plaintiff should be granted. As stated above, Plaintiff requests statutory damages for copyright and trademark infringement in the sum of $10,000 per infringed copyright per infringing defendant and $20,000 per infringed

trademark per infringing defendant. Dkt. No. 53-1 at 9-15.[10] Thus, as to the remaining claims, Plaintiff requests $10,000 in statutory damages against Defendant Solimanto for infringing upon the SONNY ANGEL copyright, as well as (1) $20,000 against Defendants Mini NY and Lake George Shop, each, for infringing upon the HIPPERS trademark and (2) $20,000 against Defendants Lake George Shop and Solimanto, each, for infringing upon the SONNY ANGEL trademark. *Id*. at 12-14.[11]

**1. Copyright Infringement**

"The Copyright Act states that a 'copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement.'" *Prepared Food Photos, Inc. v. WaDaYaNeed, LLC*, No. 1:22-CV-01270 (LEK/ATB), 2023 WL 4234821, at *3 (N.D.N.Y. June 28, 2023) (quoting 17 U.S.C. § 504(b)). "The Copyright Act also 'provides that a copyright owner may elect to receive statutory damages, rather than actual damages, any time before final judgment is rendered.'" *Id*. (quoting *Agence France Presse v. Morel*, 934 F. Supp. 2d 584, 587 (S.D.N.Y. 2013)).

> Specifically, a copyright owner may receive an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are

[10] Plaintiff's submissions provide a basis for an award of damages; therefore, no hearing is required. *See Malibu Media, LLC v. Ofiesh*, No. 116-cv-202 (FJS/DEP), 2017 WL 2633526, at *2 (N.D.N.Y. June 19, 2017) ("[A]lthough a court may conduct a hearing when necessary to determine damages under Rule 55(b)(2), it may make that decision without a hearing if it can determine, based on a review of the record, that there is a sufficient basis for the damages that the plaintiff seeks in the default judgment."); *see also Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (noting that Rule 55(b)(2) "allows but does not require the district judge to conduct a hearing" on damages) (internal quotation marks and citation omitted).

[11] Although both the Copyright and Lanham Acts allow for the award of reasonable attorneys' fees to the prevailing party, *see* 15 U.S.C. § 1117(a)-(b); 17 U.S.C. § 505; and Plaintiff's Complaint seeks an award of attorneys' fees and costs, Dkt. No. 1 at 27; Plaintiff's Motion forgoes requesting an award of attorneys' fees and costs and instead "requests that its reasonable attorneys' fees and costs be considered in the Court's calculation of statutory damages." Dkt. No. 53-1 at 15, n. 3.

> liable jointly and severally, in a sum of not less than $750 or more than $30,000 as the court considers just . . . The maximum award of statutory damages may be increased from $30,000 to $150,000 on a showing of willfulness.

*Id*. (quoting *Agence France Presse*, 934 F. Supp. 2d at 579 (quoting 17 U.S.C. § 504(c)).

"Courts have significant discretion in awarding the amount of statutory damages." *Prepared Food Photos, Inc.*, 2023 WL 4234821, at *3 (citing *Ontel Prod. Corp. v. Amico Int'l Corp.*, No. 07 Civ. 7356 (JGK) (FM), 2008 WL 4200164, at *4 (S.D.N.Y. Aug. 19, 2008)), *report and recommendation adopted,* No. 07 Civ. 7356 (JGK), 2008 WL 4298504 (S.D.N.Y. Sept. 11, 2008) ("Within these statutory limits, courts have broad discretion in awarding statutory damages. Indeed, judges may award statutory damages in amounts that greatly exceed the actual damages shown to compensate copyright owners for past infringement and deter future infringement.") (internal citations omitted)). "In awarding statutory damages, courts must 'effectuate the dual purposes of the Copyright Act—compensation of copyright owners and deterrence of potential infringers.'" *Id*. (quoting *Manno v. Tennessee Prod. Ctr., Inc.*, 657 F. Supp. 2d 425, 429 (S.D.N.Y. 2009)).

> Courts in this Circuit consider the following factors to determine the amount of statutory damages: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."

*Sadowski*, 2023 WL 2838376, at *4 (quoting *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010)).

Applying the above factors to Plaintiff's copyright claim, the Court concludes that Plaintiff is entitled to an award of statutory damages. Here, Defendant Solimanto's "copyright infringement is deemed willful by virtue of [ ] [her] default." *Sadowski*, 2023 WL 2838376, at *4 (quoting *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015)). "In light of

[Defendant Solimanto's] willful infringement, the first, fifth, and sixth factors weigh against [Defendant Solimanto]." *Id.* (citing *Broad. Music, Inc. v. Metro Lounge & Café LLC*, No. 10-cv-1149 (NAM/ABT), 2013 WL 286361, at *4, (N.D.N.Y. Jan. 24, 2013)). The Court cannot evaluate the second or third factors because Defendant Solimanto has not answered Plaintiff's Complaint and Plaintiff has not provided any information regarding the revenue it lost due to Defendant Solimanto's infringement. *See id.* (citing *Strike 3 Holdings, LLC v. Doe*, No. 18-cv-5305, 2021 WL 4896862 (DRH) (SIL), at *3, (E.D.N.Y. Sept. 20, 2021), *report and recommendation adopted*, 2021 WL 4894161 (DRH), (E.D.N.Y. Oct. 20, 2021) (finding that "it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing (factor two) . . . . Further, Plaintiff has provided no information regarding revenue it lost as a result of Defendant's infringement (factor three)."). "Finally, the fourth factor weighs in favor of statutory damages beyond actual damages because 'an award of statutory damages could deter future infringements by [Defendant Solimanto] and third parties.'" *Id.* (quoting *Farrington v. Fingerlakes1.com, Inc.*, No. 19-cv-6802 (FPG), 2020 WL 7350336, at *6, (W.D.N.Y. Dec. 15, 2020)).

As four of the six factors weigh in favor the award of statutory damages and Plaintiff's request of $10,000 per infringement per Defendant is near the low end of the non-willful damages range set forth in 17 U.S.C. § 504(c), the Court finds that an award of $10,000 in statutory damages against Defendant Solimanto for infringing upon the SONNY ANGEL copyright is appropriate. *See Sadowski*, 2023 WL 2838376, at *4; *Prepared Food Photos, Inc.*, 2023 WL 4234821, at *3.

**2. Trademark Infringement**

"Under the Lanham Act, a plaintiff may elect to recover statutory damages for the unauthorized use of counterfeit marks rather than establishing actual damages or lost profits." *JUUL Labs, Inc. v. GTB Fuel 2 Corp*, No. 1:20-CV-1453 (GLS/DJS), 2022 WL 2791204, at *1

(N.D.N.Y. June 28, 2022), *report and recommendation adopted,* No. 1:20-CV-1453 (GLS/DJS), 2022 WL 2789247 (N.D.N.Y. July 15, 2022) (citing 15 U.S.C. § 1117(c)). "The statutory damages provision was added to the Lanham Act in 1996 to ensure that trademark owners would be 'adequately compensated' and counterfeiters 'justly punished' even in cases where actual damages were difficult to prove." *Id.* (quoting *Tiffany (NJ) LLC v. QI Andrew*, No. 10 CIV. 9471 (KPF) (HBP), 2015 WL 3701602, at *9 (S.D.N.Y. June 15, 2015)). "Courts have recognized that statutory damages are particularly appropriate in the context of a default judgment, given the lack of disclosure available from the defaulting party." *Id.* (citing *Tiffany (NJ) LLC*, 2015 WL 3701602, at *10).

"The Lanham Act provides for a wide scope of statutory damages, in amounts ranging from $1,000 to $200,000 per counterfeit mark, or in the case of willful conduct, up to $2,000,000 per mark, to be apportioned 'as the court considers just.'" *JUUL Labs, Inc.*, 2022 WL 2791204, at *2 (quoting 15 U.S.C. § 1117(c)(1)-(2)). "As a result, courts are vested with broad discretion to award statutory damages within these prescribed ranges." *Id.* (additional citation omitted).

"Aside from establishing a monetary cap and instructing courts to award an amount that is 'just,' § 1117(c) provides no further guidance on determining damages." *JUUL Labs, Inc.*, 2022 WL 2791204, at *2 (quoting *Ideavillage Prods. Corp. v. Aarhus*, No. 1:18-CV-02739 (JGK)(SDA), 2019 WL 2290514, at *5 (S.D.N.Y. May 7, 2019), *report and recommendation adopted sub nom. Ideavillage Prod. Corp. v. Aarhus*, No. 18-CV-2739 (JGK), 2019 WL 2287726 (S.D.N.Y. May 28, 2019)). "Accordingly, courts within this Circuit have looked to the 'better developed case law under the Copyright Act, 17 U.S.C. § 504(c)' to determine the appropriate measure of damages." *Id.* (quoting *All-Star Marketing Group, LLC v. Media Brands Co., Ltd.*, 775 F. Supp. 2d 613, 622 (S.D.N.Y. 2011) (quoting *Malletier v. Carducci Leather Fashions, Inc.*,

648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009))). In addition to the factors enumerated above to be considered when analyzing statutory damages under the Copyright Act, Courts in this Circuit also consider "whether a defendant has cooperated in providing particular records from which to assess the value of the infringing material produced." *Id*. (quoting *All-Star Marketing Group, LLC*, 775 F. Supp. at 622 (citing *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1117 (2d Cir. 1986))).

Defendants' failure to appear in this action or otherwise respond to Plaintiff's complaint constitutes willful conduct. *See Nicholas v. Franklin Finest Deli Corp*, No. 23-CV-7878 (MKB) (MMH), 2025 WL 1218477, at *6 (E.D.N.Y. Apr. 28, 2025) ("A default is considered willful where the defendant fails to answer a complaint without explanation or justification.") (citing *S.E.C. v. McNulty*, 137 F.3d 732, 738–39 (2d Cir. 1998)). Applying the enumerated factors to this matter, as with Plaintiff's copyright infringement claim, factors one, five, and six, weigh in Plaintiff's favor due to Defendants' willful infringement. *See Sadowski*, 2023 WL 2838376, at *4. The Court cannot evaluate factors two and three because Defendants Mini NY and Lake George Shop have not appeared in this action and Defendant Solimanto has not answered Plaintiff's Complaint, and Plaintiff has not provided any information regarding lost revenue. *See id*. The fourth factor weighs in Plaintiff's favor because "an award of statutory damages could deter future infringements by [Defendants] and third parties." *Id*. Finally, the seventh factor weighs in Plaintiff's favor because Defendants have not provided any information "from which to assess the value of the infringing material produced." *JUUL Labs, Inc.*, 2022 WL 2791204, at *2.

As five of the seven factors weigh in favor of awarding Plaintiff statutory damages, and Plaintiff's request of $20,000 in statutory damages per infringement per Defendant is near the low end of the non-willful damages range set forth in 15 U.S.C. § 1117(c), the Court finds that an

award of $20,000 in statutory damages against Defendant Mini NY for infringing upon the HIPPERS mark, $20,000 in statutory damages against Defendant Lake George Shop for infringing upon the HIPPERS mark, $20,000 in statutory damages against Defendant Lake George Shop for infringing upon the SONNY ANGEL mark, and $20,000 in statutory damages against Defendant Solimanto for infringing upon the SONNY ANGEL mark is appropriate. *See JUUL Labs, Inc.*, 2022 WL 2791204, at *2 (quoting 15 U.S.C. § 1117(c)(1)-(2)).

**D. Permanent Injunctive Relief**

In addition to statutory damages, Plaintiff seeks a permanent injunction enjoining Defendants from infringing upon Plaintiff's IP. Dkt. No. 53-1 at 9-10. The Court has the authority to "issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction." *Sadowski*, 2023 WL 2838376, at *7 (quoting *Kingvision Pay-Per-View LTD. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006)).

"Under the Lanham Act and Copyright Act, a district court has authority to grant injunctive relief to prevent further violations of a plaintiff's trademarks and copyrights." *Kelly Toys Holdings, LLC*, 606 F. Supp. 3d at 51 (first citing 15 U.S.C. § 1116; then citing 17 U.S.C. § 502). Accordingly, Plaintiff satisfies the first element demonstrating entitlement to a permanent injunction. *See Sadowski,* 2023 WL 2838376, at *7. As to the second element, in both trademark and copyright infringement cases,

> [a] plaintiff seeking an injunction must show: "(1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Sadowski,* 2023 WL 2838376, at *7 (quoting *Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010)

(quoting *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006))) (copyright infringement cases); *Heartland Trademarks, Ltd.*, 2018 WL 1989540, at *4 (quoting *Coach, Inc. v. Zhen Zhen Weng*, No. 13-CV-445 (RWS), 2014 WL 2604032, *20 (S.D.N.Y. June 9, 2014) (quoting *eBay Inc.,* 547 U.S. at 391)) (trademark infringement cases). "Generally, a plaintiff must show the threat of [a] continuing violation in order to be entitled to injunctive relief." *Id.* (quoting *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 412–13 (S.D.N.Y. 2004)).

Plaintiff requests a permanent injunction enjoining Defendants from further infringing upon the SONNY ANGEL, SMISKI, and HIPPERS trademarks and copyrights. Dkt. No. 53-1 at 4, 9. Based on the allegations set forth in the Complaint, the Court finds that Plaintiff's request for a permanent injunction is warranted in part. The Court finds that a permanent injunction binding Defendants is not warranted as to the SMISKI trademark and copyright because Plaintiff has not alleged that Defendants have infringed the SMISKI trademark or copyright or are otherwise connected to the SMISKI trademark or copyright. *See generally* Dkt. No. 1; *see also supra* at 2, n. 1. All of Plaintiff's allegations regarding the SMISKI trademark and copyright pertain to other individual defendants who are no longer part of this lawsuit or are not named in Plaintiff's motion for default judgment. *Id.* at 18-21.

However, the Court finds that the factors set forth in *eBay* strongly augur in favor of granting Plaintiff's request for a permanent injunction enjoining (1) Solimanto from infringing on the SONNY ANGEL copyright and mark, (2) Lake George Shop from infringing on the SONNY ANGEL and HIPPERS marks; and (3) Mini NY from infringing on the HIPPERS mark. First, accepting Plaintiff's allegations in the Complaint as true, "Plaintiff has alleged and offered evidence" indicating that Defendants infringed upon Plaintiff's trademarked and copyrighted IP, "causing irreparable injury to Plaintiff." *Sadowski,* 2023 WL 2838376, at *7 (citing *Rovio Ent.,*

*Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015)); *Heartland Trademarks, Ltd.*, 2018 WL 1989540, at *4 ("Irreparable harm exists in a trademark case when the party seeking the injunction shows that it will lose control over the reputation of its trademark . . . because loss of control over one's reputation is neither 'calculable nor precisely compensable.'") (quoting *U.S. Polo Ass'n, Inc. v. PRL USA Holdings, Inc.*, 800 F. Supp. 2d 515, 540 (S.D.N.Y. 2011)); *Hermes Int'l v. Rothschild*, 678 F. Supp. 3d 475, 488 (S.D.N.Y. 2023) ("Hermès has proved that Rothschild's ongoing conduct would inflict irreparable injury on it absent injunctive relief.") (quoting *eBay Inc.,* 547 U.S. at 391)); *see also* Dkt. No. 1 at ¶¶ 34, 40-41, 43.

Second, "Defendant[s'] ability to continue [their] infringement absent an injunction shows that monetary damages are insufficient to provide Plaintiff with relief." *Sadowski,* 2023 WL 2838376, at *7 (additional citation omitted); *Hermes Int'l*, 678 F. Supp. 3d at 490 ("[A] plaintiff has no adequate remedy at law, if it can show that, absent an injunction, the defendant is likely to continue infringing its [trademarks].") (internal quotation marks omitted) (quoting *Int'l Council of Shopping Centers, Inc. v. Glob. Infotech LLC*, No. 18-CV-8856 (AJN), 2019 WL 2004096, at *5 (S.D.N.Y. May 7, 2019)). Here, Plaintiff has alleged that absent a permanent injunction, Defendants will continue to infringe upon Plaintiff's IP by selling counterfeit SONNY ANGEL and HIPPERS dolls. Dkt. No. 53-1 at 10.

Third, "the balance of hardships favors Plaintiff because '[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product.'" *Sadowski,* 2023 WL 2838376, at *7 (quoting *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018)). Fourth, "a permanent injunction would not disserve the public interest because the public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." *Id.* (quoting *Beastie Boys v.*

*Monster Energy*, 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015)) (internal quotation marks omitted).

Accordingly, the Court grants Plaintiff's request for a permanent injunction enjoining (1) Defendant Solimanto "and all those in concert with [her]" from infringing on the SONNY ANGEL copyright and mark; (2) Defendant Lake George Shop from "and all those in concert with them" from infringing on the SONNY ANGEL and HIPPERS marks; and (3) Mini NY "and all those in concert with them" from infringing on the HIPPERS mark. Dkt. No. 53-1 at 17; *see also Sadowski,* 2023 WL 2838376, at *7 (citing Fed. R. Civ. P. 65(d)(2)).

## V. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment, Dkt. No. 53, is **GRANTED in part**; and the Court further

**ORDERS** that Plaintiff is awarded $90,000 statutory damages as follows:

- $20,000 as against Defendant Lake George Shop for infringing upon the SONNY ANGEL mark;
- $10,000 as against Defendant Solimanto for infringing upon the SONNY ANGEL copyright;
- $20,000 as against Defendant Solimanto for infringing upon the SONNY ANGEL mark;
- $20,000 as against Defendant Mini NY for infringing upon the HIPPERS mark; and
- $20,000 as against Defendant Lake George Shop for infringing upon the HIPPERS mark; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Plaintiff as follows:

- $30,000 as against Defendant Solimanto;
- $20,000 as against Defendant Mini NY; and
- $40,000 as against Defendant Lake George Shop; and the Court further

ORDERS that Plaintiff's request for a Permanent Injunction is **GRANTED in part** as follows:

- Defendant Solimanto and all those who act in concert with Defendant Solimanto are enjoined from infringing upon the SONNY ANGEL copyright and mark;
- Defendant Mini NY and all those who act in concert with Defendant Mini NY are enjoined from infringing upon the HIPPERS mark; and
- Defendant Lake George Shop and all those who act in concert with Lake George Shop are enjoined from infringing upon the SONNY ANGEL and HIPPERS marks; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 17, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge